**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lance Morgan CAULK, Defendant— Appellant.**

**No. 03–30503.**

United States Court of Appeals, Ninth Circuit.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

144

Submitted Sept. 15, 2004.*

Decided Nov. 29, 2004.

Before: SCHROEDER, Chief Judge, TASHIMA, and BYBEE, Circuit Judges.

## MEMORANDUM **

Lance Caulk appeals his sentence following his guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and receipt/transfer of child pornography in violation of 18 U.S.C. § 2252(a)(2). Caulk first claims that the district court erred in applying a four-level sentence enhancement for sadistic conduct with a minor under U.S.S.G. § 2G2.2(b)(3). Caulk also challenges the district court's application of a five-level sentence enhancement for engaging in a pattern of sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(4). Finally, Caulk claims that the enhancements were unconstitutional under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

■ Caulk argues that the pictures in this case are not, without more, enough to establish that the conduct they depict was "sadistic." This argument has already been rejected by this court in *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003). *Rearden* held that pictures of adult males performing anal sex on prepubescent children depict sadistic conduct. *Id.* at 614–15. The undisputed evidence establishes that Caulk's computer contained

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

multiple images of child pornography, including images of an adult male anally penetrating a prepubescent boy.

Caulk also claims that his previous convictions were not sufficient to sustain an enhancement for engaging in a pattern of sexual abuse or exploitation of a minor. In 1993, Caulk pled guilty to two counts of Aggravated Sexual Abuse of Children Under the Age of 12 and was sentenced to 121 months. In 2002, Caulk was sentenced to 16–20 months imprisonment by the State of Washington following his guilty plea to Communication with a Minor for Immoral Purposes. *Id.*

The enhancement is properly applied where the defendant actually engaged in illegal conduct with a minor, but not when he simply possessed or distributed images depicting illegal conduct. *See United States v. Kemmish,* 120 F.3d 937, 941 (9th Cir.1997); *United States v. Barton,* 76 F.3d 499, 503 (2d Cir.1996). Furthermore, the Guideline Commentary for § 2G2.2 defines a "pattern of activity" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant." U.S.S.G. § 2G2.2 cmt. 1 (2002). Caulk's criminal record plainly demonstrates that he committed multiple acts of child sexual abuse, and thus the district court did not err in applying the "pattern of abuse" enhancement.

*Blakely* does not apply to the fact of prior conviction or to facts admitted by the defendant. *Blakely,* 124 S.Ct. at 2537. Since Caulk does not dispute that he possessed three movies of adult males anally penetrating prepubescent boys, he has admitted to the fact that formed the basis of

the enhancement for possession of sadistic material. Likewise, Caulk's prior convictions are sufficient to merit the district court's application of the enhancement for engaging in a pattern of sexual abuse of a minor. Assuming arguendo that *Blakely* applies to the federal guidelines, its holding does not affect the enhancement Caulk challenges here.

The sentence is **AFFIRMED**.